UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 0:07-75 |
| | ) | |
| v. | ) | |
| | ) | |
| CHEMICALS & SOLVENTS, INC., | ) | |
| a/k/a CHEMSOLV, INC. | ) | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 2nd day of May, 2007, between the United States of America, as represented by United States Attorney REGINALD I. LLOYD, Assistant United States Attorney Deborah B. Barbier; the Defendant, **CHEMICALS & SOLVENTS, INC., a/k/a CHEMSOLV, INC.**, and Defendant's Attorneys, James M. Griffin, Esquire and Henry Wesley Kirkland, Jr., Esquire

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant, **CHEMICALS & SOLVENTS, INC., a/k/a CHEMSOLV, INC.**, agrees to waive Indictment and arraignment, and plead guilty to a Superseding Information charging Illegal Possession of a List I Chemical, in violation of Title 21, United States Code, Section 844.

In order to sustain it's burden of proof as to this offense, the Government is required to prove the following:

From in or about December 2005, until in or about April 2006, the Defendant

-1-

    (A)    Possessed a List I Chemical; and

    (B)    The Defendant did not have a valid registration with the Drug Enforcement Administration to possess the List I chemical.

**Possible Penalties for 21 U.S.C. §844:**

Minimum fine of $1,000 (21 U.S.C. § 844(a)) plus a special assessment of $125.00 (18 U.S.C. § 3013).

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

    (A)    <u>Fines:</u> The parties agree that the Defendant will pay a $10,000.00 fine for the instant offense. Defendant understands and agrees that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the Court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

    (B)    <u>Special Assessment:</u> Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $125.00 for each felony count for

which it is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4. The Defendant agrees that all facts that determine its offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the Court at sentencing by a preponderance of the evidence standard and the Court may consider any reliable evidence, including hearsay. By executing this

Agreement, the Defendant understands that it waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

6. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw its plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

7. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which it has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject

to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    (A)    the Defendant will not be permitted to withdraw its plea of guilty to the offenses described above;

    (B)    all additional charges known to the Government may be filed in the appropriate district;

    (C)    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    (D)    the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

## Merger and Other Provisions

8. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties;

and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

5-2-07
DATE

_____
CHEMICALS & SOLVENTS, INC. a/k/a
CHEMSOLV, INC., Defendant

5-2-07
DATE

_____
JAMES M. GRIFFIN
Attorney for the Defendant

5/2/07
DATE

_____
HENRY WESLEY KIRKLAND, JR.
Attorney for the Defendant

REGINALD I. LLOYD
UNITED STATES ATTORNEY

5-2-07
DATE                                BY:  _____
                                         DEBORAH B. BARBIER
                                         Assistant U. S. Attorney